UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANCELLY SANCHEZ LONDONO, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 13-11106-FDS |
| NELSON GONZALEZ, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, J**.

For the reasons set forth below, the Court will (1) deny petitioner's motion to proceed *in forma pauperis* without prejudice to its renewal, (2) direct the Clerk to issue summons for service of the emergency petition on respondent Nelson Gonzalez, and (3) grant, in part, petitioner's emergency motion, by prohibiting the respondent from removing the minor child EG from this Court's jurisdiction pending the final disposition of this matter.

**I.    Background**

Petitioner Francelly Sanchez Londono has filed a Verified Emergency Petition for the Return of Child and Warrant of Arrest in Lieu of Writ of Habeas Corpus, pursuant to 42 U.S.C. § 11601.  The petition is accompanied by an Emergency Motion for Relief and an Application to Proceed in District Court Without Prepaying Fees or Costs.

The petition is brought pursuant to the Hague Convention on the Civil Aspects of Child Abduction, art. 2, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, reprinted in 51 Fed.Reg. 10,494 (Mar. 26, 1986) (the "Hague Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq.  It seeks, among other

things, to compel respondent Nelson Gonzalez to appear in court to show cause why the child EG should not be returned to Colombia. The petition alleges that EG was brought from Colombia to the United States in May 2011 by her father, Gonzalez, and has been retained here without petitioner's consent.

**II.     Analysis**

    **A.     Motion to Proceed In Forma Pauperis**

Petitioner has not paid the $350 filing fee generally required in order to institute a civil action, 28 U.S.C. § 1914(a), or the $50 administrative fee.[1] Instead, she has submitted an application to proceed *in forma pauperis*.

In her application, petitioner states that her monthly take-home pay is $360.00. However, certain parts of her application are left incomplete. Specifically, she fails to list her employer's name and address, as required by Question 2 of the form. She also fails to completely answer Question 3 of the form; although she indicates that she has received income from other sources, she fails to disclose the amount of other income she has received during the past twelve months and any income she expects to receive in the future. Finally, although she states that she does not have a bank account, her response to Question 4 does not indicate whether she has cash savings.

Because the financial information in the application is incomplete, the Court cannot make a determination as to whether petitioner qualifies for *in forma pauperis* status. Accordingly, her application will be denied without prejudice to its renewal upon the filing of a completed application. Within 21 days of the date of this Order, petitioner must either (1) pay the $350

---

[1] The $50 administrative fee became effective May 1, 2013. See Judicial Conference Fee Schedule.

filing fee and $50 administrative fee or (2) file a renewed application to proceed *in forma pauperis*.

      **B.**       <u>**Emergency Petition and Emergency Motion**</u>

Petitioner has also filed an Emergency Petition for the Return of Child and an Emergency Motion for Relief.

Upon appropriate motion, the Court has the authority to prevent a child's concealment or removal from the District until such a petition is ruled upon. *See* 42 U.S.C. § 11604(a); Fed. R. Civ. P. 65. ICARA expressly authorizes a court to "take or cause to be taken measures under federal or state law, as appropriate, . . . to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a).

Given the representations made to the Court by petitioner, and the very serious irreparable harm that is likely to result both to the child and to petitioner in the event the child is wrongly removed from this jurisdiction, a temporary restraining order is justified to preserve the status quo pending a hearing. For the purposes of Fed. R. Civ. P. 65(b), petitioner has made a sufficient showing that, without an injunction, she may sustain immediate and irreparable injury before there is an opportunity for a hearing. The present record does not suggest any comparable irreparable harm to respondent that will result from the granting of this temporary injunction. The balance of hardships thus tips in favor of petitioner.

Based on the present record, the Court is also convinced that it is necessary to issue an injunction without prior notice to respondent. Petitioner's submissions indicate a risk that, should notice be provided, the child might be concealed or taken from this jurisdiction before an injunction can be served. The Court will not require petitioner to post a bond as a condition of

obtaining this injunction at this trial.

Accordingly, petitioner's Emergency Motion prohibiting the respondent from removing the minor child EG from this Court's jurisdiction pending the final disposition of this matter will be granted.

### III.    Conclusion

For the reasons set forth above, petitioner's motion for leave to proceed *in forma pauperis* is DENIED without prejudice, and petitioner's Emergency Motion is GRANTED in part.  A temporary restraining order will issue separately.  The Court defers ruling on the remaining issues raised by petitioner's Emergency Motion at this time.  Petitioner shall, within 21 days, either (1) pay the $400 filing and administrative fees or (2) file a renewed application to proceed *in forma pauperis*.  It is further ORDERED that the Clerk shall issue summons for service of the Emergency Petition on respondent Nelson Gonzalez.  The Clerk shall send the summons and this order to petitioner's counsel, who must thereafter arrange for service of the Emergency Petition, Emergency Motion and this Order on respondent Nelson Gonzalez in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**So Ordered.**

Dated: May 8, 2013

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge